**Robert J. Beles** Bar No. 41993
**Anne C. Beles** Bar No. 200276
One Kaiser Plaza, Suite 2300
Oakland, California 94612
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant* MICHAEL CHENG

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>vs.<br><br>MICHAEL CHENG, JIM ARCHULETTA, KIMBERLY WHITEHOUSE, MARISELA VALLEJO, NANCY SUMMERSGILL, EFREN GONZALEZ, PAUL ANDERSON, and VICKI NGUYEN,<br><br>*Defendants*. | No. **07-70721-MAG MEJ**<br><br>NOTICE OF MOTION AND MOTION FOR RELEASE PENDING TRIAL; DECLARATION OF ROBERT J. BELES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:      Friday, December 14, 2007<br>Time:     9:30 am<br>Courtroom: B, 15th Floor<br><br>*Excludable time: 18 U.S.C. §3161(h)(1)(F) & (J) through disposition* |

**NOTICE OF MOTION AND MOTION FOR RELEASE PENDING TRIAL**

To the United States Attorney for the Northern District of California:

Please take notice that defendant Michael Cheng will bring his motion for release pending trial on for hearing on Friday, December 14, 2007 at 9:30 am, in Courtroom B, 15th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, or as soon thereafter as counsel may be heard.

Defendant bases his motion on 18 U.S.C. 3142(e).

1

Notice of Motion and Motion for Release Pending Trial; Declaration of Robert J. Beles;
Memorandum of Points and Authorities

Dated: Oakland, California, Wednesday, December 12, 2007.

*Robert J. Beles*
_____
Robert J. Beles
Anne C. Beles
Attorneys for Defendant Michael Cheng

ORIGINAL                                                                                          ORIGINAL

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>vs.<br><br>MICHAEL CHENG, JIM ARCHULETTA, KIMBERLY WHITEHOUSE, MARISELA VALLEJO, NANCY SUMMERSGILL, EFREN GONZALEZ, PAUL ANDERSON, and VICKI NGUYEN,<br><br>*Defendants*. | No. **07-70721-MAG MEJ**<br><br>DECLARATION OF ROBERT J. BELES |

**DECLARATION OF ROBERT J. BELES**

I, Robert J. Beles, declare under penalty of perjury as follows:

1. I am co-counsel for defendant Michael Cheng in this case.

2. Defendants are charged in the Eastern District of Virginia with a single count of conspiring to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. sections 841(a)(1) and 846.

3. Mr. Cheng's first court appearance was on December 5, 2007 before Magistrate Judge Maria Elena James.

4. Upon information and belief, Mr. Cheng is prepared to post two properties with a combined equity in excess of 1 million dollars if security is required for his release. The properties are: (a) his wife's condominium, owned by Alexis Wong as separate property, located at 555 4th Street #629, San Francisco, California, 94107, with an equity of approximately $400,000 - $500,000, and a home owned by friends of Alexis Wong, Twiggy Tang and Johnny Cheu (415) 533-0015, located at 163 Miraloma Drive, San Francisco, California 94127, with an equity of approximately $700,000. Ms. Tang and Mr. Cheu are U.S. Citizens.

5. Upon information and belief, Mr. Cheng's older brother, Brian Huynh, of 1567 28th Avenue, San Francisco, California, age 35, is willing to act as co-signer for Mr. Cheng's release. Mr. Huynh has no criminal record and has worked as a teacher and coordinator for the past

ORIGINAL                                                                                             ORIGINAL

four years at the Lighthouse for the Blind, 214 Van Ness, San Francisco, California. He resides at 1567 28th Avenue, San Francisco, California, 94122.

6. Upon information and belief, Mr. Cheng came to the United States from Vietnam when he was four years old. He is a naturalized United States citizen who has resided in the Bay Area and in San Francisco from childhood. Mr. Cheng is 33. He has no adult criminal record and no history of alcohol or drug abuse. His wife, Alexis Wong, is employed as the president and CEO of AGI Capital, 100 Bush Street, 22nd Floor, San Francisco, California. In addition to his brother, Mr. Cheng's father lives in the Bay Area at 1391 Navy Street, San Leandro, California, and his sister Jane Lao also lives in the Bay Area. Mr. Cheng has a 6 year old daughter from a prior marriage, also living in the Bay Area. Mr. Cheng graduated from high school and completed 2 ½ years of college. He has been steadily and gainfully employed in sales since 2001 at the Ocean Produce Wholesale Co. 145 Franklin Street, Oakland CA 94607, where he has regularly worked for about 30-35 hours per week. He is also in a four year apprenticeship program with CBW Construction. Ocean Produce is owned by a relative and Mr. Cheng would be able to resume his employment there if released from detention.

7. Upon information and belief, Mr. Cheng traveled outside of this country and returned with his wife related to her business twice in 2007, once in July (10 days) and once in November (two weeks), visiting Hong Kong, China, and Korea.

8. Upon information and belief, Mr. Cheng as also aware of the arrest and prosecution of Aaron Waller since February of 2007. It appears that Waller is the cooperating witness CW-1 mentioned in the complaint. Mr. Waller has apparently chosen to say things against Mr. Cheng to the effect of claiming that Mr. Cheng was the source of supply of cocaine for Mr. Waller.

9. Pretrial services has attempted on two occasions to see Mr. Cheng. Pretrial services was asked to interview Mr. Cheng after court on Monday, December 10, 2007, but the marshals could not make him available. Pretrial services went to the Santa Rita Dublin facility on Tuesday, December 11, 2007, got there approximately 9:30 am and waited until approximately 11 am, but again were unable to see Mr. Cheng because the Alameda County

4

Notice of Motion and Motion for Release Pending Trial; Declaration of Robert J. Beles;
Memorandum of Points and Authorities

sheriffs did not make him available. We are hoping that pretrial services will be able to see Mr. Cheng on Friday December 14 2007 or as soon as possible so that the detention matter can be resolved.

10. Although the complaint lists aliases for Mr. Cheng as "Michael Hyunh" and "Michael Hyunh-Cheng", these are not "aliases". Mr. Cheng's ancestors were originally from China and had the surname of Cheng. When they moved to Vietnam, they changed their Chinese surname to the Vietnamese surname Hyunh. Mr. Cheng's surname was therefore Hyunh when he came to the United States at age 4. This office represented Mr. Cheng in a legal name change proceeding in which he resumed his ancestral surname of Cheng in place of Hyunh. Mr. Cheng does not go by his former name of Michael Hyunh, nor does he have an alias of both surnames combined.

11. Mr. Cheng's home (the condominium owned by his wife) was searched pursuant to warrant on December 4, 2007. Upon information and belief, no weapons, drugs, contraband, or records of drug transactions were found in the search. Mr. Cheng has not made any admissions to the authorities and, as far as he is aware, there have been no wiretaps of his telephone.

12. A review of the complaint and the appendices reveals a large number of cocaine transactions. Defendant Archuleta, who has been released on $100,000 signature bond, is alleged to have personally engaged in approximately 140 deliveries, receipts, and mailings of packages containing up to 11 kilograms of cocaine or U.S currency. The other codefendants are alleged to have similarly been personally involved in mailings of similar amounts of cocaine or currency, although not as many as defendant Archuleta. In contrast, Mr. Cheng is not alleged to have personally been involved in any mailings, deliveries, or receipts of cocaine or U.S. Currency. According to the allegations of the complaint and Mr. Cheng's information and belief, Mr. Cheng's connection to the conspiracy is based entirely on the uncorroborated word of CW-1 (Waller.)

13. Because of his long residence and close family ties to the Bay area, and the fact that

he voluntarily returned to this country from foreign travel on two occasions, Mr. Cheng is not a flight risk. This court would be justified in releasing him on an unsecured bond, but in any event, the property that he is prepared to post, if required, is more than adequate to ensure his continued appearance in this case and at trial. I therefore respectfully request that this court order Mr. Cheng's release from custody pending trial on reasonable conditions.

    I declare under penalty of perjury that the facts stated in this declaration are true and correct. Executed in Oakland, California, on Wednesday, December 12, 2007.

*/s/ Robert J. Beles*

**Robert J. Beles**
Declarant

6

Notice of Motion and Motion for Release Pending Trial; Declaration of Robert J. Beles; Memorandum of Points and Authorities

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br>  vs.<br><br>MICHAEL CHENG, JIM ARCHULETTA, KIMBERLY WHITEHOUSE, MARISELA VALLEJO, NANCY SUMMERSGILL, EFREN GONZALEZ, PAUL ANDERSON, and VICKI NGUYEN,<br><br>        *Defendants*. | No. **07-70721-MAG MEJ**<br><br>MEMORANDUM OF POINTS AND AUTHORITIES |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, including Mr. Cheng, are charged in the Eastern District of Virginia with a single count of conspiring to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. sections 841(a)(1) and 846.

### 1. Legal Standard

Because there is probable cause that Mr. Cheng has committed a drug offense with a punishment of 10 years or more, 18 U.S.C. section 3142(e) imposes a rebuttable presumption that no combination of conditions can assure his appearance and the safety of the community.

Mr. Cheng does not have the burden of proof to show that he should be released. Under Federal Rules of Evidence 301, he is merely required to produce "some evidence" to rebut the presumption that he should not be released. "The burden placed on the defendant to rebut the presumption is small." *United States v. Chen*, 820 F. Supp. 1205, 1207 (D. Cal. 1993), citing *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir 1991).

Mr. Cheng has introduced "some evidence" that he was non-dangerous and would not flee. Thus, the burden of proving that he should not be released remains with the government. *United States v. Freitas* (D.C. Cal. 1985) 602 F.Supp. 1283, *United States v. Hurtado* (11th Cir. 1985) 779 F.2d 1467, *United States v. Jessup* (1st Cir. 1985) 757 F.2d 378, *United States v. Martir* (2nd Cir. 1986) 782 F.2d 1141.

"On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991), citing *United States v. Motamedi* (9th Cir.1985) 767 F.2d 1403 at at 1406-07. "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro, id*, citing *United States v. Motamedi*, 767 F.2d at 1405, *United States v. Chen*, 820 F. Supp. at 1207 (ND. Cal. 1992), *United States v. Ward*, 63 F. Supp. 2d 1203, 1207 (CD. Cal. 1999.)

The court considers the following factors under section 3142(e), These factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt. *United States v. Gebro, id*, citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) and *United States v. Motamedi*, 767 F.2d at 1408.

**2. The government cannot prove that Mr. Cheng is a flight risk by a preponderance of the evidence.**

A mere opportunity to flee is not enough to justify detention. "Section 3142 does not seek ironclad guarantees, and the requirement that the conditions of release "reasonably assure" a defendant's appearance cannot be read to require guarantees against flight." *United States v. Chen*, 820 F. Supp. at 1207, citing *United States v. Himler*, 797 F.2d 156, 162 (3rd Cir 1986). *United States v. Portes*, 786 F.2d 758, 764 n 7 (7th Cir 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir 1985); and *United States v. Orta*, 760 F.2d 887, 890-92 (8th Cir 1985).

In *Motamedi*, the government charged defendant with exporting arms to Iran. Defendant was an Iranian citizen with access to large amounts of money — bank accounts in foreign countries that the government could not get at, and thus could have easily funded any flight to

a foreign jurisdiction. On the other hand, he had many relatives living in the Los Angeles area, he had lived there for 10 years, he had permanent residence status, no prior criminal record, and his parents had offered to post their house with equity of $750,000 as security on his bond.

The Ninth Circuit held that the government had not proven that Motamedi would flee. The "weight of the evidence against defendant", on which the government relied most heavily, was actually "the least important of the various factors" the court should consider in determining flight risk. Although the court could consider the charges, section 3142 does not allow it to pretry the issue of defendant's guilt. Such factors as the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug and alcohol abuse, criminal history, if any, and his record of appearance at previous court proceedings, were much more relevant. These weighed in defendant's favor. The fact that Motamedi was an alien was a factor in determining flight risk but "did not point conclusively to a determination that Motamedi poses a serious risk of flight." *Motamedi, id.* at 1408.

The defendant in *Gebro* was charged with aiding and abetting a bank robbery. Gebro had originally been released on a $25,000 signature bond by the magistrate that the district court set aside. There was no indication that any of his family members were able to post any property securing his release. The district court found that the government had proved that Gebrot was a flight risk because the defendant has been transient for several years prior to the crime; that he lived in a van; that he has no family ties; having rejected all contact with relatives; that he was unemployed since 1980 except for collecting scrap metal and that he was an admitted user of drugs since the early 1980's who has failed several times to break this habit. Gebro had several prior adult convictions related to drug abuse. Although defendant had since resumed contact with his family, he had also been convicted once for the underlying charges and had received a 132-month sentence, which was set aside on appeal. The Ninth Circuit remarked that although "the weight of the evidence is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt.... Gebro's knowledge that a jury has

previously rejected his duress defense and his knowledge of the fact that he was sentenced to a lengthy period of incarceration makes it more likely that he will flee." *United States v. Gebro*, 948 F.2d at 1121-1122.

Unlike Gebro, where no property was offered as security, Mr. Cheng's relatives have agreed to post property valued at 1 million dollars to secure his release. Unlike Motamedi, Mr. Cheng has been a long time naturalized citizen. Unlike Gebro, Mr. Cheng has no adult criminal history and no history of alcohol or drug abuse. Like Motamedi, Mr. Cheng has long time family and community ties with the Bay Area. Finally, Mr. Cheng traveled out of the country on two occasions and voluntarily returned in 2007. His voluntary return shows that he is not a flight risk.

**3. The government cannot prove by clear and convincing evidence that no combination of conditions would prevent Mr. Cheng from being a danger to the community.**

Mr. Cheng is charged with a serious offense, involvement in a conspiracy to distribute more than 5 kilograms of cocaine. In *United States v. Chen*, where the defendants were charged with distribution of large amounts of heroin and found to be a danger to the community, the defendants had been arrested by law enforcement in actual possession of large amounts of heroin. Here, in contrast, neither the affidavit in support of the complaint nor the appendix has Mr. Cheng personally involved in any drug transactions. No weapons, drugs, contraband, or records of drug transactions were found in the search of Mr. Cheng's home. There is no wiretap evidence that he is aware of placing him in a telephone conversation concerning drug transactions, and he has made no admissions. Thus, the typical corroborating evidence available in a normal federal drug case is missing in Mr. Cheng's. His connection to the conspiracy appears to be based on the word of Aaron Waller and possibly others who have apparently made statements to the government implicating him. The complaint shows that Mr. Waller was involved in many drug transactions and would be facing a long prison sentence if convicted of crimes arising out of these transactions. Thus, Mr. Waller's statements are open to serious dispute.

In contrast to Mr. Cheng, the complaint alleges that all of the codefendants personally

participated in a number of drug transactions.

Given these facts, the government cannot prove by clear and convincing evidence that Mr. Cheng would be a danger to the community if released on a bond secured by substantial property.

Dated: Oakland, California, Thursday, December 13, 2007.

_____
**Robert J. Beles**
Attorney for Defendant Michael Cheng

Notice of Motion and Motion for Release Pending Trial; Declaration of Robert J. Beles; Memorandum of Points and Authorities

ORIGINAL                                                                                              ORIGINAL

# PROOF OF SERVICE

I, the undersigned, depose and state: I reside or do business within the County of Alameda. I am over eighteen years of age and not a party to this action. My business address is 1 Kaiser Plaza, Suite 2300, Oakland, CA 94612-3642.

On Thursday, December 13, 2007, I served the following documents:

**Notice of Motion and Motion for Release Pending Trial; Declaration of Robert J. Beles; Memorandum of Points and Authorities**

I served the following persons by efiling:

| | |
|---|---|
| Barbara B. Silano<br>Office of the U.S. Attorney<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>415-436-7223<br>Fax: 415 436 7234<br>email: Barbara.Silano@usdoj.gov<br>Attorney for *Plaintiff* | **Daniel Paul Blank**<br>Federal Public Defender's Office<br>450 Golden Gate Ave., 19th Floor<br>San Francisco, CA 94102<br>(415) 436-7700<br>email: daniel_blank@fd.org<br>Attorney for *Defendants JIM ARCHULETA and MARISELA VALLEJO* |
| **Frank O. Bell**<br>333 Bradford Street, Suite 270<br>Redwood City, CA 94063<br>(415) 365-8300<br>email: FrankBell@FrankBellLaw.com<br>Attorney for *Defendant KIMBERLY WHITEHOUSE* | George C. Boisseau<br>740 4th Street, Second Floor<br>Santa Rosa, CA 95404<br>(707) 578-5636<br>Fax: (707) 578-1141<br>email: boisseaugc@msn.com<br>Attorney for *Defendant NANCY SUMMERSGILL* |
| Gail R. Shifman<br>633 Battery Street, Suite 635<br>San Francisco, CA 94111<br>415-551-1500<br>Fax: 415-788-6787<br>email: gail@shifmangroup.com<br>Attorney for *Defendant EFREN GONZALEZ* | Jodi Linker<br>Office of the Federal Public Defender<br>450 Golden Gate Ave., 19th Floor<br>San Francisco, CA 94102<br>(415) 436-7700<br>Fax: (415) 436-7706<br>Email: Jodi_Linker@fd.org<br>Attorney for *Defendant VICKI NGUYEN* |

I declare under penalty of perjury that the above is true. Executed in Oakland, California on Thursday, December 13, 2007.

*/s/ Paul McCarthy*

---

Notice of Motion and Motion for Release Pending Trial; Declaration of Robert J. Beles;
Memorandum of Points and Authorities